IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ONEAMERICA SECURITIES, INC. & GERALD LEROY LINTNER,**<br><br>          **Plaintiffs,**<br><br>     **v.**<br><br>**ESTATE OF SERENA M. LARRY,**<br><br>          **Defendant.** | **Civil Action No.:** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

On August 17, 2017, Defendant the Estate of Serena M. Larry ("Defendant") filed an arbitration demand against, *inter alia*, Plaintiffs OneAmerica Securities, Inc. ("OneAmerica Securities") and Gerald Leroy Lintner ("Mr. Lintner") (collectively, "Plaintiffs") before the Financial Industry Regulatory Authority ("FINRA").  (*See* Ex. A).  Defendant, however, does not have the right to compel arbitration against Plaintiffs because no written arbitration agreement exists between Plaintiffs and Ms. Larry, *and* Ms. Larry was not a "customer" of OneAmerica Securities.  Accordingly, Plaintiffs bring suit for declaratory and injunctive relief, asking the Court to enter an Order holding that Plaintiffs are not obligated to arbitrate claims with Defendant, and enjoining Defendant from pursuing arbitration against Plaintiffs.

**Jurisdiction and Venue**

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. (*See* Ex. A, pp. 13-15, 20, 24, 26).

2. Venue lies in this Court because a substantial part of the events or omissions giving rise to this declaratory judgment action arose in this venue.  *See* 28 U.S.C. § 1391(b)(2).

04178781.4

**Justiciable Controversy**

3. On August 17, 2017, Defendant filed a FINRA arbitration claim against Plaintiffs. (*See* Exhibit A).

4. As a general rule, a party may only be compelled to arbitration if it previously consented to arbitration through a written contract with the party seeking arbitration. *See AT & T Tech., Inc. v. Commc'n. Workers of Am.*, 475 U.S. 643, 648 (1986).

5. In the present case, no written agreement to arbitrate exists been Ms. Larry and OneAmerica Securities. Accordingly, Defendant cannot compel arbitration on this ground.

6. The only other potential basis for compelling Plaintiffs to arbitration is FINRA Rule 12200, but arbitration is not available to Defendant under that Rule either. Under FINRA Rule 12200, arbitration under the FINRA Code can still be required, even in the absence of a written agreement, where "[r]equested by the <u>customer</u>", <u>but only where:</u>

> [1] the dispute is between a <u>customer</u> and a [FINRA] member or associated person of a [FINRA] member; and

> [2] the dispute arises in connection with the <u>business activities of the [FINRA] member</u> or associated person, <u>except disputes involving the insurance business activities</u> of a [FINRA] member that is also an insurance company.

*See* FINRA Rule 12200, attached hereto as Exhibit B (emphasis added).

7. Ms. Larry was never a customer of OneAmerica Securities and, accordingly, mandatory arbitration cannot be compelled under FINRA Rule 12200.

8. Moreover, this dispute does not involve the business activities of the FINRA member, OneAmerica Securities.

9. Finally, the dispute involves insurance business activities and, therefore, it is additionally within the exception noted in Rule 12200.

10. Because Ms. Larry seeks to compel arbitration and Plaintiffs dispute any

obligation to arbitrate, an actual and justiciable controversy exists.

## Factual Background

11. According to the Statement of Claim, Ms. Larry purchased two Single Premium Immediate Annuities ("SPIAs") from Mr. Lintner in June and July of 2014. (*See* Ex. A, at pp. 3-4).

12. The SPIAs were sold by Mr. Lintner in his capacity as a licensed agent through American United Life Insurance Company.

13. During the time in question, Mr. Lintner was licensed to sell insurance products through American United Life Insurance Company, and he was also separately licensed to sell securities products as a registered representative with OneAmerica Securities. (*See* Ex. C, p. 4, BrokerCheck Report for Gerald Leroy Lintner showing dual association.)

14. It was as an insurance agent with American United Life Insurance Company that Mr. Lintner sold the SPIAs to Ms. Larry.

15. The applications and agreements Ms. Larry signed at the time of the sales make clear that the SPIAs purchased by Ms. Larry are "fixed annuities" available through American United Life Insurance Company, and not securities. *See* Applications for Individual Fixed Annuity, attached hereto as Exhibit D. *See also* Consumer Suitability and Due Diligence Questionnaires, attached hereto as Exhibit E.

16. The U. S. Securities and Exchange Commission has pronounced its view that fixed annuities are insurance products, not securities:

> In a fixed annuity, the insurance company agrees to pay you no less than a specified rate of interest during the time that your account is growing. The insurance company also agrees that the periodic payments will be a specified amount per dollar in your account. These periodic payments may last for a definite period, such as 20 years, or an indefinite period, such as your lifetime or the lifetime of you and your spouse. . . .

<u>Fixed annuities are not securities</u> and are not regulated by the SEC. *Annuities*, https://www.sec.gov/fast-answers/answersannuityhtm.html, attached as Exhibit F.

17. Thus, Ms. Larry's SPIA transactions were through American United Life Insurance Company and not OneAmerica Securities.

18. Ms. Larry was not a customer of OneAmerica Securities during the time that Mr. Lintner sold her the fixed annuities, and never became a customer of OneAmerica Securities.

19. Ms. Larry did not have any written contract or customer agreement with OneAmerica Securities.

20. Ms. Larry did not purchase shares of any securities or other products through OneAmerica Securities.

21. Ms. Larry never had any type of account with OneAmerica Securities.

22. Because Ms. Larry never held an account with OneAmerica Securities or engaged in any transactions with OneAmerica Securities, she was not a "customer" of OneAmerica Securities for purposes of Rule 12200. *See Citigroup Global Markets, Inc. v. Abbar*, 761 F.3d 268 (2nd Cir. 2014) (defining a "customer" as someone who "either (1) purchases a good or service from a FINRA member, or (2) has an account with a FINRA member").

23. Given that no written agreement to arbitrate exists and Ms. Larry was at no point a "customer" of OneAmerica, Ms. Larry's estate cannot compel Plaintiffs to arbitrate the instant dispute.

24. Separately, because the SPIAs are insurance products, not securities, this claim would be ineligible for arbitration even if Ms. Larry had been a OneAmerica Securities customer under Rule 12200's insurance exception.

25. Therefore, Defendant should be enjoined from arbitrating with Plaintiffs.

**Relief Requested**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and enter an order: (a) declaring that the Estate of Ms. Larry cannot compel arbitration of this dispute with Plaintiffs; (b) enjoining the Estate of Ms. Larry from pursuing arbitration against OneAmerica and Mr. Lintner; and (c) providing such other or additional relief as is just and proper.

Respectfully submitted this 13th day of October, 2017.

/s/ Edward A. Hosp     (CT410080)
Edward A. Hosp

*Attorney for Plaintiff OneAmerica Securities, Inc.*

**OF COUNSEL:**

Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone:    205.254.1000
Facsimile:    205.254.1999
thosp@maynardcooper.com

/s/ Brian J. Palmeri     (CT27587)
Brian J. Palmeri

*Attorney for Plaintiff Gerald Leroy Lintner*

**OF COUNSEL:**

Winget, Spadafora, & Schwartzberg, LLP
177 Broad Street, 10th Floor
Stamford, Connecticut  06901
203.328.1200
203.328.1212
Palmeri.b@wssllp.com